ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Recurrente<br><br>v.<br><br>UAW ACCIÓN LABORAL UNITARIA Y DEFENSORA LOCAL 2341<br><br>Recurrida | KLAN202400752 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: SJ2022CV08999<br><br>Sobre: Impugnación o conformación de Laudo, Revisión Administrativa |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

Comparece el Departamento de Transportación y Obras Públicas (DTOP; recurrente) mediante el recurso de epígrafe y nos solicita que revoquemos el dictamen emitido por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) el 1 de julio de 2024 y notificada el siguiente día. En el referido dictamen, el TPI desestimó el recurso de revisión de laudo de arbitraje presentado por el DTOP.

Por las razones que expondremos a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

**I**

El 13 de octubre de 2022, DTOP presentó un *Recurso de Revisión de Laudo de Arbitraje.*[1] Mediante esta, alegó que la Comisión Apelativa del Servicio Público (CASP) celebró una vista administrativa a pesar de que no contaba con jurisdicción para resolver la controversia, toda vez que no contaba con el acuerdo de sumisión del DTOP y esta última no fue debidamente notificada sobre la vista celebrada. Asimismo, planteó que la el DTOP y la CASP fueron inducidas a error debido a que la UAW Laboral Unitaria y Defensora Local 2341 (Unión) omitió ofrecer información crucial

---

[1] Apéndice del recurso, págs. 1-33.

Número Identificador
RES2024_____

en el caso referente al proceso criminal llevado a cabo contra el empleado Ortiz Arce, lo cual tenía el efecto de tornar académica la controversia. Por tanto, solicitó que se dejara sin efecto el laudo por ser nulo. El DTOP anejó a su recurso los siguientes documentos: Laudo de Arbitraje; Sumisión de la Unión; Sentencia de Caso Penal contra Miguel Ortiz Arc, y; el Informe del Oficial Examinador.

El 21 de mayo de2024, el TPI emitió una *Orden* mediante la cual señaló que la Unión y la CASP no habían comparecido al pleito y que no surgía del expediente que hayan sido notificadas del mismo. De este modo, le ordenó al DTOP lo siguiente:

> En virtud de lo anterior, se conceden **24 horas** para que la Parte Recurrente - en estricto cumplimiento con las disposiciones de la Regla 7 (a) de las Reglas para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal de Primera Instancia - someta la Certificación que requiere la Regla 7 (b) para evidenciar el haber enviado copia fiel y exacta de su Recurso de Revisión **de manera personal o mediante correo certificado con acuse de recibo (no por correo electrónico) dentro del término que dispone la Regla 7 (b) del referido cuerpo de Reglas** a: Lcdo. Manuel Rodríguez Banchs, Representante Legal de la Unión; y a la Comisión Apelativa del Servicio Público.

> Dentro del término de **24 horas** que aquí se le conceden la Parte Recurrente debe también mostrar causa debidamente justificada por la cual no remitió a este Tribunal la referida Certificación - no más tarde del día siguiente laborable de haber hecho la notificación que requiere la Regla 7 (b).[2] (Énfasis en el original.)

En cumplimiento con lo ordenado por el TPI, el 22 de mayo de 2024, el DTOP sometió una *Moción en Cumplimiento de Orden*.[3] A través de esta, presentó como evidencia la notificación del *Recurso de Revisión* mediante correo certificado con acuse de recibo y correo electrónico. Además, señaló que la Unión y la CASP no habían presentado la contestación dentro del término dispuesto para ello.

Ese mismo día, el TPI emitió otra *Orden* señalando lo siguiente:

> [Habiéndose] notificado copia del Recurso de Revisión por correo electrónico, mediante una aplicación **por analogía** de lo dispuesto por el Tribunal Supremo de Puerto Rico en los casos de Lozada Sánchez y Montañez Leduc, se conceden **24 horas** para que la parte recurrente muestre causa por la

---

[2] Apéndice del recurso, págs. 34-35.
[3] Apéndice del recurso, págs. 36-45.

cual incumplió con la disposición **expresa** de la Regla 7 (b) de las *Reglas para el Procedimiento de Revisión de Decisiones [Administrativas] ante el Tribunal de Primera Instancia* al no certificar a este Tribunal sobre la notificación, y la forma en que se hizo la misma - **no más tarde del siguiente día laborable**.[4] (Énfasis en el original).

Así las cosas, el DTOP cumplió con lo ordenado el mismo día con su *Moción en Cumplimiento*.[5]

Posteriormente, el 23 de mayo de 2024, el TPI ordenó lo siguiente:

Aun cuando la parte recurrente no pone a este Tribunal en posición de poder cotejar si, en efecto, la copia del Recurso de Revisión que esta notificó a las partes por correo certificado contiene el número de caso que le fuera asignado por la secretaría de este Tribunal al momento de su radicación , lo cierto es que los correos electrónicos que envió posteriormente la parte recurrente a las partes - de conformidad con su interpretación de las determinaciones emitidas por el Tribunal Supremo de Puerto Rico en los casos de *Lozada Sánchez y Montañez Leduc*, si identifican dicho número de caso - conforme lo requiere la Regla 7 (b).

En virtud de lo anterior, y toda vez que ninguna de las partes recurridas ha comparecido de forma alguna, **se tiene por sometido sin oposición el Recurso de Revisión presentado por el DTOP.**

Se ordena notificar copia de esta orden directamente a todas las partes, de manera que queden debida y adecuadamente informadas de nuestra determinación y de sus fundamentos. HRS Erase v. Centro Médico del Turabo, 205 D.P.R. 689 (2020).[6] (Énfasis nuestro.)

Asimismo, el 23 de mayo de 2024, el TPI volvió a emitir otra *Orden.*[7]

En esa ocasión, el foro primario ordenó lo siguiente:

Examinado el Recurso de Revisión presentado por el D.T.O.P., sus argumentos, sus fundamentos de derecho, y los documentos sometidos en apoyo, se conceden 20 días para que el D.T.O.P. produzca y/o aclare lo siguiente:

---

[4] Apéndice del recurso, pág. 46.
[5] Apéndice del recurso, págs. 47-49.
[6] Apéndice del recurso, págs. 50-51. El encasillado de la Entrada Núm. 6 del expediente digital del Caso Núm. SJ2022CV08999 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) aparece de la siguiente manera: (ORDEN emitida y firmada por el(la) juez(a) ANDRÉS M. RAMÍREZ MARCANO el 23 de mayo de 2024 con relación a MOCIÓN CUMPLIMIENTO DE ORDEN O RESOLUCIÓN presentada por DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PUBLICAS (DANIEL R MARTINEZ AVILÉS) [5].). Además, el documento principal de la **Entrada Núm. 6 de SUMAC** aparece estampado de la siguiente forma: **SJ2022CV08999 28/05/2024 10:04:20 a.m.** Página 1 de 2.
[7] Apéndice del recurso, págs. 52-53. El encasillado de la Entrada Núm. 7 de SUMAC aparece de la siguiente manera: ([ORDEN emitida y firmada por el(la) juez(a) ANDRÉS M. RAMÍREZ MARCANO el 23 de mayo de 2024 con relación a MOCIÓN CUMPLIMIENTO DE ORDEN O RESOLUCIÓN presentada por DEPARTAMENTO DE TRANSPORTACION Y OBRAS PUBLICAS (DANIEL R. MARTÍNEZ AVILÉS) [5].). Además, el documento principal de la **Entrada Núm. 7 de SUMAC** aparece estampado de la siguiente forma: **SJ2022CV08999 28/05/2024 10:48:23 a.m.** Página 1 de 2.

1) Someta copia de la Minuta de la Vista celebrada ante la C.A.S.P. el 24 de marzo de 2022.
2) Aclare si el D.T.O.P. presentó ante la C.A.S.P. una Solicitud de Reconsideración del Laudo cuya Revisión solicita ante este Tribunal (de haberla solicitado, someta copia de dicha Solicitud de Reconsideración - incluyendo su correspondiente certificado de notificación a las partes);
3) Aclare si el D.T.O.P. presentó ante la C.A.S.P. una Solicitud de Desestimación - por academicidad y/o cualquier otro fundamento - (someta copia, incluyendo su correspondiente certificado de notificación a las partes);
4) Aclare la razón por la cual el D.T.O.P. no sometió su Proyecto de Sumisión ante la C.A.S.P. en una fecha anterior a la vista celebrada el 24 de marzo de 2022;
5) Aclare la razón por la cual el D.T.O.P. no informó oportunamente a la árbitro de la C.A.S.P. sobre la Sentencia de naturaleza criminal que le fuera impuesta al Sr. Miguel A. Ortiz Arce varios meses antes de celebrarse la Vista del 24 de marzo de 2022;
6) Aclare la razón por la cual, durante la Vista celebrada el 24 de marzo de 2022, el D.T.O.P. no informó a la árbitro de la C.A.S.P. que el Sr. Miguel A. Ortiz Arce ya se encontraba cumpliendo una condena de cárcel por los mismos delitos que sirvieron como fundamento para su destitución por el D.T.O.P.

**Una vez el D.T.O.P. cumpla con lo anterior, este Tribunal estará en mejor posición para atender su Recurso de Revisión**. (Énfasis nuestro).

El 1 de julio de 2024, notificada al siguiente día, el TPI emitió una *Sentencia* mediante la cual desestimó el recurso por el incumplimiento de la *Orden* notificada el 28 de mayo de 2024 **(bajo SUMAC 7)** y por estar incompleto el recurso, por lo que la controversia no estaba madura para adjudicar.

Oportunamente, el DTOP presentó una *Moción de Reconsideración*.[8] Mediante esta, le solicitó al foro primario que: a) reconsiderara su desestimación por no ser cónsono con la política judicial de que los casos se ventilen en sus méritos y por tratarse de un primer error; incluso, cuando dicho incumplimiento de la *Orden* no retrasaba el caso ya que la Unión y la CASP no habían comparecido al pleito; b) le anotara la rebeldía tanto a la Unión como a la CASP por no haber comparecido por más de un año en el caso y; c) concediera un término adicional para expresarse sobre la orden notificada el 24 de mayo a la suscribiente quien por error no vio su notificación.

---

[8] Apéndice del recurso, págs. 55-59.

No obstante, el TPI emitió una *Orden* en donde se sostuvo en su determinación original.[9] En el referido dictamen, el foro primario determinó lo siguiente:

> No Ha Lugar. Conforme fuera expresado en nuestra Sentencia del 1 de julio de 2024 (SUMAC 8), la desestimación del Recurso de Revisión no responde a un "primer incumplimiento" de la parte recurrente y/o su abogado, sino al hecho de que el recurso se presentó de manera incompleta; situación que le impide estar maduro para adjudicación.
>
> De manera clara e inequívoca en nuestra Sentencia (SUMAC 8) hicimos constar que, aun cuando se le concedió oportunidad para ello, la Agencia Recurrente nunca produjo la información y/o documentos que le fueron debida y adecuadamente identificados y requeridos por este Tribunal mediante Orden del 23 de mayo de 2024 (SUMAC 7) para poder aclarar en torno a los procedimientos y diligencias de la Agencia y/o su representante legal que se llevaron a cabo ante la C.A.S.P.; y para justificar en torno a nuestra jurisdicción para atender el Recurso de Revisión presentado.
>
> Resulta forzoso concluir que, ante la situación antes relatada, el que se anote o no la rebeldía a la parte recurrida no tendría el efecto de modificar nuestra determinación, pues el Recurso de Revisión presentado simplemente no cumple con los requisitos necesarios para poderlo atender en sus méritos. [Sobre todo], cuando los documentos cuya producción fue requerida por este Tribunal deben formar parte [esencial] del expediente administrativo que se debió traer ante nuestra atención al presentar el Recurso.

Aún inconforme, el 8 de agosto de 2024, el DTOP acudió ante nosotros mediante *Apelación* y realizó los siguientes señalamientos de error:

> **Primer Error:** Erró el Tribunal de Primer Instancia en desestimar el caso de autos, por alegar que no estaba completo para ser evaluado conforme una orden emitida el 28 de mayo de 2024. (Sumac 7)
>
> **Segundo Error:** Erró el Tribunal de Primera Instancia en no adjudicar los errores traídos a su atención:
>
> Erró la CASP al celebrar una vista de arbitraje y emitir un laudo, cuando no contaba con la jurisdicción para adentrarse en los méritos de la controversia.
>
> Erró la CASP al revocar la destitución del empleado, ya que la controversia se había tornado académica ante el desenlace del caso criminal por las acciones que provocaron su destitución inmediata.
>
> Erró la CASP al revocar la destitución del señor Miguel Ortiz Arce, tras emitir un laudo en la celebración de una Vista de

---

[9] Apéndice del recurso, pág. 60-61.

Arbitraje donde no se notificó adecuadamente al DTOP ni a su representante legal según exigen lo preceptos de ley sobre notificación adecuada.

**Tercer Error:** Erró el Tribunal de Primera Instancia en no permitir a [la] Parte Recurrente mostrar causa por lo que incumplió con la orden emitida el 28 de mayo de 2024 (Sumac 7) cuando ese mismo día emitió una orden (Sumac 6) indicando que el caso estaba sometido.

**Cuarto Error:** Erró el Tribunal de Primera Instancia en no declarar en Rebeldía a las Partes Recurridas.

**Quinto Error:** Erró el Tribunal de Primera Instancia en no exigir la elevación del expediente de la C.A.S.P.

El 19 de agosto de 2024, emitimos una *Resolución* mediante la cual acogimos la *Apelación* presentada por el DTOP como un recurso de *certiorari*. Asimismo, le concedimos a la parte recurrida hasta el 9 de septiembre de 2024 para que presentara su oposición. Ante ello, el 9 de septiembre de 2024, la Unión presentó su *Moción en Oposición a Certiorari y en Cumplimiento de Orden*.

Contando con el beneficio de las partes, estamos en posición de resolver.

**II**

**A.**

El recurso de *certiorari* es un remedio procesal discrecional que permite al tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). El auto de *certiorari* se utiliza "para revisar tanto errores de derecho procesal como sustantivo". *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999).

En nuestro ordenamiento procesal civil y en lo pertinente, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.52.1 dispone lo siguiente:

[…]

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter

dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Es norma establecida que el asunto que se nos plantee en el auto de *certiorari* debe tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, toda vez que esta regla enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. Por consiguiente, debemos realizar un análisis dual para determinar si se expide o no un recurso de *certiorari*. Este examen consta de una primera parte objetiva y una segunda parte subjetiva.

En primer lugar, debemos determinar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1 de Procedimiento Civil, *supra*. Es norma reiterada que las partes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes o resoluciones interlocutorias sobre materias que no están especificadas en la Regla 52.1 de Procedimiento Civil, *supra*. En estos casos, en los cuales la materia no está comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

En segundo lugar, debemos analizar si procede la evaluación del recurso bajo la Regla 40 del Reglamento de Tribunal de Apelaciones que nos concede discreción para autorizar la expedición y adjudicación en los méritos del auto de *certiorari*. A esos fines, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*. Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De acuerdo con lo dispuesto en la Regla 40, *supra*, se evalúa "tanto la *corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada*; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Recordemos que la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros", sino que, como Tribunal revisor, nos ceñimos a los criterios antes señalados. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012) que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Si luego de justipreciar los referidos criterios, decidimos no expedir el recurso, podemos fundamentar nuestra determinación, pero no tenemos la obligación de así hacerlo. Véase, 32 LPRA Ap. V, R. 52.1.

**B.**

Las sanciones "son las penas que el derecho procesal establece para obligar al respeto de la autoridad o de las normas que rigen el proceso." R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 245. Asimismo, el

propósito de las sanciones puede ser punitivo, disuasivo o remediador. *Id.* Entre las clases de sanciones podemos encontrar: la amonestación, el resarcimiento de gastos, el cumplimiento especifico y limitaciones a actuaciones procesales, la desestimación de la demanda o del recurso con el efecto de adjudicación en los méritos y, el desacato. *Id.*, págs. 248-252.

Las Reglas de Procedimiento Civil, 32 LPRA Ap. V, proveen para que un tribunal, a iniciativa propia o a solicitud de la parte demandada, pueda decretar la desestimación de la demanda u otras alegaciones si la parte demandante o promovente deja de cumplir con las reglas procesales o con cualquier orden del tribunal. En específico, la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, regula las desestimaciones por inactividad o dejadez, la cual es un mecanismo discrecional del Tribunal para darle fin a un caso que ha sido desatendido por un litigante. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 49 (2014). En lo pertinente, la Regla 39.2, *supra*, dispone lo siguiente:

> (a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra esta o la eliminación de las alegaciones, según corresponda.
>
> **Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.** (Énfasis nuestro).

Se desprende de la Regla 39.2, *supra*, que esta permite la desestimación de un pleito **como última alternativa**. Hernández Colón, *op. cit.*, pág. 249. Asimismo, ante un planteamiento que amerite la imposición

de sanciones, el tribunal "**debe amonestar primeramente al abogado de la parte. Si la acción disciplinaria no produce frutos positivos, procederá la desestimación de la demanda o la eliminación de las alegaciones, luego de que la parte haya sido debidamente informada y apercibida de las consecuencias que puede acarrear el incumplimiento**." (Énfasis nuestro.) *Mejías et al v. Carrasquillo et al.*, 185 DPR 288, 297 (2012); *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217 (2001).

El Tribunal Supremo de Puerto Rico ha señalado que la desestimación es la sanción más drástica que puede imponer un tribunal ya que tiene el efecto de una adjudicación en sus méritos y, por lo tanto, cosa juzgada, salvo que sea por falta de jurisdicción o de parte indispensable. Regla 39.2 de Procedimiento Civil, *supra*; *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807 (1986); *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 721 (2009); *HRS Erase, Inc. v.CMT*, 205 DPR 689 (2020); Hernández Colón, *op. cit.*, pág. 250. "[A]l ser esta sanción la más drástica que puede imponer un tribunal ante la dilación en el trámite de un caso, se debe recurrir a ella en casos extremos". *Sánchez Rodriguez v. Adm. de Corrección*, supra, que cita a *Álamo Romero v. Adm. de Corrección*, 175 DPR 314 (2009). De este modo, la jurisprudencia apunta a la sanción económica como primera alternativa. J. A. Cueva Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Publicaciones JTS, 2011, T. III, pág. 1151.

Igualmente, en Puerto Rico existe una política pública de que los casos se ventilen en sus méritos. *Valentín v. Mun. de Añasco*, 145 DPR 887 (1998); Cueva Segarra, *op. cit.*, pág. 1151. Debido a los efectos de la desestimación, es menester que los tribunales atemperen su aplicación frente a la política pública de que los casos se ventilen en sus méritos. *Sánchez Rodríguez v. Adm. De Corrección, supra*. Ciertamente, el uso desmesurado de este mecanismo procesal puede vulnerar el fin que persiguen los tribunales, que es impartir justicia. *Id.*

**III**

Evaluado el recurso de *Apelación*, acogido como *certiorari*, somos del criterio que procede la expedición de este.

En el caso ante nuestra consideración, el DTOP plantea cinco señalamientos de error por el TPI. En primer lugar, señala que incidió el foro primario al desestimar el caso por haberlo sometido incompleto para ser evaluado conforme a la segunda *Orden* emitida el 23 de mayo de 2024 y notificada el 28 de marzo de 2024. Como segundo error, plantea que el TPI erró al no adjudicar los errores traídos ante su consideración. En el tercer señalamiento, plantea que el TPI incidió al no permitirle mostrar causa por la cual incumplió con la segunda *Orden* del 23 de mayo de 2024. Finalmente, en los señalamientos cuatro y cinco, se expone que el TPI se equivocó al no declarar la rebeldía a las partes recurridas y al no exigir la elevación del expediente de la CASP. A los fines de disponer del caso ante nuestra consideración, solo discutiremos los errores primero y tercero.

Como reseñamos previamente, la desestimación es la sanción más drástica que puede imponer un tribunal, por lo que debe ser utilizada en casos extremos, por lo que ante el incumplimiento con una orden, el Tribunal "debe amonestar primeramente al abogado de la parte" y "[s]i la acción disciplinaria no produce frutos positivos, procederá la desestimación de la demanda o la eliminación de las alegaciones, luego de que la parte haya sido debidamente informada y apercibida de las consecuencias que puede acarrear el incumplimiento." *Mejías v. Carrasquillo*, *supra*.

Surge del caso ante nuestra consideración que el DTOP cumplió con las órdenes dictadas por el TPI los días 21 de mayo de 2024 y 22 de mayo de 2024. No obstante, se desprende del expediente que el DTOP incumplió **por primera vez** con una de las *órdenes* emitidas el 23 de mayo de 2024 por el TPI. Sin embargo, es de notar que estas órdenes del 23 de mayo de 2024 parecen confusas y contradictorias ya que en la *Orden* de la Entrada Núm. 6 de SUMAC el TPI dio por sometido el caso y en la *Orden* de la Entrada Núm. 7 de SUMAC, el TPI le concedió veinte (20) días al DTOP

para que aclarara cierta información y sometiera alguna documentación. Cabe señalar que la *Orden* de la Entrada Núm. 7 de SUMAC fue notificada poco después de la *Orden* de la Entrada 6 de SUMAC. Además, el encasillado de SUMAC de la Entrada Núm. 6 y la Entrada Núm. 7, rezan "ORDEN emitida y firmada por el(la) juez(a) ANDRÉS M. RAMÍREZ MARCANO el 23 de mayo de 2024 con relación a MOCIÓN CUMPLIMIENTO DE ORDEN O RESOLUCIÓN presentada por DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PUBLICAS (DANIEL R MARTÍNEZ AVILÉS) [5]." Es decir, en ambas entradas surge la misma descripción de las órdenes del TPI, por lo que puede crear confusión. Sin embargo, cabe mencionar que esto no es motivo para que la representación legal del DTOP dejara de desplegar la diligencia y competencia que exige la profesión legal.

Ahora bien, dicho lo anterior, queda claro que el TPI se apartó de lo dispuesto por la Regla 39. 2 de Procedimiento Civil, *supra*, la jurisprudencia antes reseñada y la política pública de que los casos se ventilen en sus méritos. No encontramos en el expediente del caso de autos que el TPI haya apercibido al DTOP de las consecuencias que podía acarrear el incumplimiento de la orden antes citada. Tampoco surge que haya tomado otra medida disciplinaria, como la sanción económica, previo a la desestimación del pleito. Además, el foro primario no le permitió a la parte expresarse en cuanto al motivo de su incumplimiento.

En conclusión, las sanciones tomadas por el foro primario fueron drásticas y contrarias a lo dispuesto por nuestro ordenamiento jurídico y la política pública de que los casos se vean en sus méritos. Por lo tanto, el DTOP debe tener su día en corte, por lo que debemos expedir el auto de *certiorari* y dejar sin efecto el dictamen recurrido.

**IV**

Por lo anteriormente expresado, se expide el auto de *certiorari*, se revoca el dictamen recurrido, y devolvemos el caso al foro primario para la continuación de los procedimientos.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones